UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shifra Gordon, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br><br>     -v.-<br><br>Frontline Asset Strategies, LLC and LVNV Funding LLC and John Does 1-25<br><br>                          Defendant. | Civil Action No: _____<br><br>**CLASS ACTION<br>COMPLAINT<br>DEMAND FOR JURY TRIAL** |

Plaintiff Shifra Gordon (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Frontline Asset Strategies, LLC (hereinafter "Defendant Frontline"), and Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 23 Zitomer St., Spring Valley, NY 10977.

8. Defendant Frontline, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the C T Corporation

System, its registered agent for service of process, at 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant Frontline, is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV Funding LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 80 State Street, Albany, New York 12207-2543.

11. Upon information and belief, Defendant LVNV Funding LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant Frontline sent an initial collection letter attempting to collect a consumer debt;
    c. on behalf of Defendant LVNV;

    d. containing the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a);

    e. and then subsequently sent a second and third letter containing the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a);

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 U.S.C. 1692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 USC 1692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

23. Some time prior to August 28, 2019 an obligation was allegedly incurred to Comenity Bank

24. The Comenity Bank obligation arose out of a transaction involving a debt incurred by Plaintiff with Comenity Bank which Plaintiff incurred primarily for personal, family or household purposes.

25. The alleged Comenity Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Comenity Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. On a date better known to Defendants, Comenity Bank sold the debt to Defendant LVNV who contracted with Defendant Frontline to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 28 2019, August 29, 2019 and August 30, 2019 Collection Letters*

29. On or about August 28, 2019, Defendants sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Comenity Bank. The Letter is attached hereto as Exhibit A.

30. Defendants' August 28, 2019 letter was Defendants' initial communication with Plaintiff with respect to the debt.

31. Defendants' August 28, 2019 letter contained the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a).

32. In connection with the collection of the Debt, Defendants subsequently sent Plaintiff letters dated August 29, 2019 and August 30, 2019. A true and correct copy of Defendants' August 29, 2019 letter is attached to this complaint as Exhibit B and Defendants' August 30, 2019 is attached to this complaint as Exhibit C.

33. Defendants' August 29, 2019 and August 30, 2019 letters contained another statement of the notices required in an initial communication by 15 U.S.C. § 1692g(a).

34. Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

35. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

36. If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

37. By stating that the consumer has an additional 30-day period in which he or she may dispute the debt, which is not accurate per the 15 U.S.C. § 1692g(a), Defendants' letters of August 29, 2019 and August 30, 2019 are misleading or may confuse the consumer as to his or her rights.

38. For example, the unsophisticated debtor could be unsure whether the debt is already assumed to valid since they did not respond to the first letter, or whether the 30-day period has started from the date of the first letter or the second.

39. Moreover, the second and third debt collection letters are deceptive and misleading because Defendants never had any intention of actually granting an additional 30 days to dispute the debt. The inclusion of the second and third debt validation notice on the August 29, 2020 and August 30, 2019 letters were never intended to expand or enlarge upon Plaintiff's rights under 1692g.

40. As a result of Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant violated §1692e :

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shifra Gordon, individually and on behalf of all others similarly situated, demands judgment from Defendant Frontline and Defendant LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 6, 2020

Respectfully Submitted,

*/s/ Raphael Deutsch*
**Stein Saks, PLLC**
By: Raphael Deutsch
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501